```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

TOMMIE ROBINSON,                )
                                )
            Plaintiff,           )
                                )
      vs.                        )      No. 4:07-CV-1233 (CEJ)
                                )
NORMANDY SCHOOL DISTRICT,        )
                                )
            Defendant.           )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendant's motion to dismiss or for summary judgment. Although plaintiff has filed an opposition to the motion, he also asserts that additional discovery is required before he can fully oppose defendant's summary judgment motion.

Plaintiff Tommie Robinson was employed by defendant Normandy School District as a groundskeeper from 1982 until his termination on April 12, 2007. In 2006, the district adopted a basic literacy requirement for all employees. Plaintiff, who cannot read, was directed to enroll in a literacy program and to submit progress reports. The parties dispute whether plaintiff complied with the directive. Plaintiff alleges that he is disabled, that he was terminated because of his disability (Count I), and that the district's literacy requirement has a disparate impact on individuals like plaintiff who have learning disabilities. (Count II). He brings suit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*.

In the motion to dismiss, defendant asserts that plaintiff cannot establish a *prima facie* case of violation of the ADA because he does not plead facts that describe a disability. Defendant alternatively moves for summary judgment, arguing that plaintiff cannot establish that the decision-makers either knew he was disabled or regarded him as such, or that his termination was motivated by his disability.

Under the ADA, "[t]he term 'disability' means, with respect to an individual– (A) a physical or mental impairment that substantially limits one or more of the major life activities . . .; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102 (2). Plaintiff alleges in his complaint that he is disabled within the meaning of the ADA "because he has an impairment that substantially limits one or more of his major life activities in that he is unable to read at a first grade level." Elsewhere, plaintiff states that the district's literacy requirement has a disparate impact on employees with learning disabilities such as dyslexia and dysgraphia; however, he does not claim to have either such condition.

Defendant agrees that the inability to read is a substantial limitation of a major life activity. However, defendant asserts, illiteracy is a disability only if it is a consequence of a physical or mental impairment. The Court believes that plaintiff has sufficiently, although minimally, alleged that he is disabled and includes "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, ---

U.S. ---, 127 S. Ct. 1955, 1974 (2007).  Defendant's motion to dismiss, thus, will be denied.

With respect to defendant's alternative request for summary judgment, the Court notes that defendant filed its motion before the parties conducted any discovery.  In an affidavit, plaintiff's counsel states that, because of the lack of discovery at this stage, he has been able to provide only a limited opposition to the motion.  If permitted to proceed, he will seek additional material in discovery, including: (1) plaintiff's personnel record to determine whether defendant knew he was disabled or regarded him as such; (2) the literacy tests that plaintiff took to determine whether the tests were used to diagnose a learning disability or would have had a disparate impact on plaintiff; and (3) the deposition of Dr. Connie Calloway, former superintendent of the district.

Rule 56(f), Fed.R.Civ.P., provides as follows:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Court agrees with defendant that plaintiff cannot proceed under the ADA based solely upon a contention that he is illiterate -- he must establish either that his inability to read derives from a physical or mental impairment, or that the decision-makers perceived him as suffering from such an impairment.  Morisky v. Broward County, 80 F.3d 445 (11th Cir. 1996).  Given the early

-3-

stage of the proceedings, plaintiff cannot yet fully present evidence on these points and additional discovery is required.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or for summary judgment [Doc. #4] is **denied**.

**IT IS FURTHER ORDERED** that, not later than **November 19, 2007**, defendant shall file an answer to plaintiff's complaint.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2007.